# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SAUL G.A., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 26-cv-03174-SRB |
| | ) | |
| JAMES ARNOTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Before the Court is Petitioner Saul G.A.'s ("Petitioner") Petition for a Writ of Habeas Corpus ("the Petition"). (Doc. #1.) For the reasons below, the Court GRANTS the Petition.

## I. FACTUAL BACKGROUND

Respondents do not dispute the following facts provided in the Petition. Petitioner has resided in the United States since approximately 2001. He is a father of three United States citizen children. Petitioner was taken into custody of U.S. Immigration and Customs Enforcement ("ICE") in October of 2025 and has remained detained since that time. Petitioner applied for Cancellation of Removal, and on February 12, 2026, an Immigration Judge granted his application. Following this decision, the Department of Homeland Security ("DHS") filed a notice of appeal to the Board of Immigration Appeals. Despite having prevailed before the Immigration Court, Respondents have continued to detain Petitioner.

Petitioner filed the Petition on March 20, 2026. On March 25, 2026, the Eighth Circuit issued its decision in *Avila v. Bondi*, Appeal No. 25-3238, 2026 WL 819258, slip op. (8th Cir. March 25, 2026), which held that people classified as "applicants for admission" under 8 U.S.C. § 1225(a)(1) are subject to § 1225(b)(2)'s mandatory detention regime. On March 27, 2026,

1

Respondents timely filed their response to the Petition. The parties' arguments are addressed below.

## II. DISCUSSION

Respondents argue that "the recent decision by the Eighth Circuit in *Avila v. Bondi*, Appeal No. 25-3238, 2026 WL 819258, slip op. (8th Cir. March 25, 2026), dictates a finding in favor of the federal government respondents." (Doc. #6, p. 2.) Petitioner acknowledges that "Respondents are correct that *Avila* . . . governs the statutory question of whether § 1225(b)(2)(A) authorizes detention of noncitizens present in the interior[,]" but argues that *Avila* "did not address whether detention without any opportunity for release, without any individualized determination, and for an unbounded period of time comports with the Fifth Amendment." (Doc. #7, p. 2.) Petitioner further argues that Respondents' continued detention of Petitioner—particularly after he has been granted relief by the Immigration Court—violates his procedural due process rights. (Doc. #1, p. 11.) The Court agrees with Petitioner and finds that Respondents' continued detention of Petitioner violates procedural due process under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

"[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "Due process is flexible . . . [and] calls for such procedural protections as the particular situation demands." *Jennings v. Rodriguez*, 583 U.S. 281, 312-315 (2018). To determine whether a civil detention violates a detainee's due process rights, courts apply the three-part balancing test set forth in *Mathews v. Eldridge*, 424 U.S. at 335. Courts must consider the following factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures

2

used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.*

Here, the first *Mathews* factor weighs in favor of Petitioner. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690; *see also Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action"). During the twenty-five years in which Petitioner has resided in the United States, he has built a life here. He is the father of three United States citizen children, all of whom depend on him for emotional and financial support. The Court thus finds that Petitioner has a strong liberty interest in his freedom from detention.

The second *Mathews* factor, the risk of erroneous deprivation, also weighs in favor of Petitioner. "The regulations authorizing ICE to release a noncitizen from custody require that the noncitizen 'demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons' and that the noncitizen is 'likely to appear for any future proceeding.'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (quoting 8 C.F.R. § 1236.1(c)(8)). The fact that an Immigration Judge granted Petitioner's application for Cancellation of Removal weighs strongly in favor of finding that he does not pose a danger to property or persons and is not a flight risk. Further, Respondents do not contend that Petitioner presents a danger or a flight risk. Instead, Respondents rely solely on the government's change in policy to justify his detention. The Court finds that the second factor weighs in favor of Petitioner.

3

Under the third *Mathews* factor, even a weighty private interest must be balanced against the government's interest. Respondents have a generalized interest in ensuring noncitizens appear for their removal hearings and do not pose a risk to the communities in which they live. But this interest is not served by detaining a noncitizen whom an Immigration Judge found was entitled to a Cancellation of Removal. Additionally, the Court recognizes that on October 18, 2025, ICE served Petitioner with a notice to appear, explaining the basis for charging Petitioner with being subject to removal and ordering Petitioner to appear in immigration court. However, the notice to appear was served to Petitioner before the Immigration Judge granted his application for Cancellation of Removal and, despite having prevailed before the Immigration Court, Respondents have continued to detain Petitioner. Thus, the third factor weighs in favor of Petitioner.

The Court finds that the proper remedy for the violation of Petitioner's due process rights is immediate release from custody. As discussed, an Immigration Judge granted Petitioner's application for Cancellation of Removal, and there is no indication that the circumstances that led to this conclusion have changed. Given the weight of the liberty interests at stake and the fact that Petitioner has been detained for nearly six months, the Court concludes that immediate release is appropriate. *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 499 (S.D.N.Y. 2025) (ordering immediate release from custody after determining that the petitioner's continued detention violated procedural due process).

### III. CONCLUSION

Based on the above, and on the full record before the Court, IT IS HEREBY ORDERED THAT:

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. #1) is GRANTED.

2. Respondents shall immediately release Petitioner, but no later than 48 hours from the date of this Order.

3. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time.

4. When Petitioner is released, Respondents must return to him any property, personal effects, and documents that they have taken from him, including identity documents, foreign issued identity documents, and immigration documents.

5. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.

6. Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: April 1, 2026

5